MEB W. ANDERSON (10227)
KYLE J. KAISER (13924)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: mebanderson@utah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHELSIE VIGIL, Individually and as Personal Representative of The Estate of Jeffrey Ray Vigil, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT CROWTHER, STATE OF UTAH DEPARTMENT OF CORRECTIONS, DEFENDANTS DOE PRISON GUARDS (1-20), <br><br> Defendants. | **MOTION TO DISMISS** <br><br> Case No. 1:16-CV-00132 <br><br> Judge: Bruce S. Jenkins |

Defendants State of Utah Department of Corrections and Warden Scott Crowther (the

"State Defendants"), by and through counsel, Meb W. Anderson, and Kyle J. Kaiser, Assistant

Utah Attorneys General, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

hereby file this Motion to Dismiss.  This Motion is based on the following:

(1) The State of Utah Department of Corrections enjoys sovereign immunity from this civil rights action; and

(2) The State of Utah Department of Corrections and Warden Crowther in his official capacity are not "persons" that can be sued pursuant to 42 U.S.C. § 1983.

(3) Plaintiff's Complaint lacks plausibility and required specificity regarding individual capacity allegations made against Warden Crowther on all claims.

Accordingly, and for the reasons described below, the State Defendants respectfully requests that they be dismissed with prejudice.

## RELEVANT FACTS[1]

Plaintiff Chelsie Vigil is the personal representative for the estate of Jeffrey Ray Vigil. Mr. Vigil died while incarcerated at the Utah State Prison in Draper.  Mr. Vigil was the victim of an attack by a fellow inmate.  Ms. Vigil has brought a civil rights complaint, generally alleging violations of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 and Article I, Section 7 of the Utah Constitution.  Specifically, she alleges a § 1983 claim regarding perceived unlawful customs, policy, or practices, against the Department of Corrections.  The Department of Corrections ("UDOC") is an arm of the state of Utah.  *See, e.g., Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996) (holding that the University of Utah is an instrumentality of the State not subject to suit under § 1983); *Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1377 (Utah 1993) (holding that a § 1983 claim for damages could not be brought against the Board of Education "because they are not persons under § 1983.")

---

[1] For purposes of this Motion to Dismiss only, the State Defendants accept the facts of the Complaint as true.

## <u>LEGAL STANDARDS</u>

The State Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction." When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6). *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents

attached to the complaint, or facts that may be judicially noticed.  *See* Fed. R. Civ. P. 10(c);

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935

F.2d 1106, 1112 (10th Cir. 1991).

### **LEGAL ARGUMENT**

**A.    Sovereign Immunity Immunizes The State Of Utah Department Of
       Corrections From Suit**.

Eleventh Amendment sovereign immunity bars claims against the State of Utah unless

the state has waived that immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66

(1989).  Here, the UDOC—as an arm of the State of Utah—must be dismissed in its entirety

from this matter with prejudice based on 11th Amendment sovereign immunity.  *See Watson v.*

*University of Utah Medical Center*, 75 F.3d 569 (10th Cir. 1996).

The 11th Amendment to the Federal Constitution provides:  "The judicial power of the

United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State."  This language bars any damages suit against a state, unless the

state has expressly waived immunity.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Eleventh

Amendment immunity applies to all lawsuits, including civil rights lawsuits.  *Quern v. Jordan*,

440 U.S. 332, 341 (1979).

The State of Utah has not waived immunity for civil rights causes of action as cognizable

under 42 U.S.C. § 1983 and state civil rights claims.  *See Utah Code Ann. § 63g-7-101 et seq.*

(2010); *see also Buck v. Utah Labor Comm'n*, No. 02-4205, 2003 WL 21916992 (10th Cir. ,

Aug. 12, 2003) (unpublished) (holding that the Eleventh Amendment shields the State of Utah

from claims alleging violations of 42 U.S.C. § 1983 and state civil rights claims.); *Ball v. Div. of*

*Child & Fam. Servs.,* No. 1:11CV00028 DS, 2012 WL 1377881 (D. Utah, April 19, 2012)

(unpublished) (state retained sovereign immunity for civil rights claims against state officials

brought in their official capacity).  On these facts the UDOC—as an arm of the State of Utah—is

sovereignly immune from suit under either Section 1983 or state law.  Such a dismissal is

without prejudice.

**B.    The UDOC and Scott Crowther in his "Official Capacity" Is Not a "Person" Susceptible to a Section 1983 Lawsuit.**

Section 1983 is the statutory vehicle for suing state actors for alleged violations of the

Constitution or of federal laws.  *Jojola v. Chavez,* 55 F.3d 488, 492 (10th Cir. 1995).  If the claim

fails to meet § 1983 requirements, a plaintiff has no other redress for alleged Constitutional

violations.  Section 1983 provides the exclusive available remedy for violation of federal

constitutional rights.  Thus, Plaintiff cannot avoid the limitations of a § 1983 claim for relief by

asserting a claim directly under the Constitution.  *See Jeff v. Dallas Indep. Sch. Dist.,* 491 U.S.

701, 735 (1989).

Section 1983 provides a remedy at law against any "person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the

United States . . . to the deprivation of any rights . . . secured by the Constitution." 42 U.S.C.

§ 1983.  In order to be sued under § 1983, an entity must be a "person" as that term has been

defined by the courts.  *Ambus v. Utah State Bd. of Educ.,* 858 P.2d 1372, 1376 (Utah 1993)

(citing *Will,* 491 U.S. at 71).  "Neither the state, nor a governmental entity that is an arm of the

state for Eleventh Amendment purposes, nor a state official who acts in his or her official

capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion,* 51 F.3d 901, 905-06

(10th Cir. 1995); *Will,* 491 U.S. at 71; *see also Whitesell v. Utah,* 82 F. App'x. 7, No. 03-4075,

2003 WL 22854695 (10th Cir., Nov. 28, 2003) (unpublished) (holding that the State of Utah is "not a person within the meaning of § 1983.").  "Accordingly, the State of Utah is not an appropriate party in a lawsuit brought under 42 U.S.C. § 1983, and the claims against it are not viable."  *Goodsell v. Utah*, No. 2:06CV371 DB, 2006 WL 1720713 (D. Utah, June 12, 2006) (unpublished).

Here, the UDOC—as an arm of the State of Utah—is not a person and cannot be sued for violation of civil rights under § 1983.  Further, "[a] state official acting in his or her official capacity is not a "person" within the meaning of § 1983."  *Coleman v. Utah State Charter Sch. Bd*., No. 2:10-CV-1186-TC, 2011 WL 4527421, at *3 (D. Utah Sept. 28, 2011) (unpublished). Because the UDOC and Scott Crowther in his official capacity are not "persons" for purposes of being sued under 42 U.S.C. § 1983 they must be dismissed from this matter with prejudice.  *Id.* (dismissing State Charter School Board and individual defendants sued in their official capacity with prejudice).

C.    **Plaintiff's Complaint Fails to State a Claim against Warden Crowther in His Individual Capacity.**

The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives. *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir.1988); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir.1992). The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *see also Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

The test for deliberate indifference claims under the Eighth Amendment is well established in the Tenth Circuit and has "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. *Farmer*, 511 U.S. at 834. In cases alleging the failure to prevent harm, this means that the prisoner must show that the conditions of his incarceration present an objective "substantial risk of serious harm." *Id.* The fight here likely meets this standard.

But, the subjective component is only "met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). An official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he plaintiff must show that the prison official had a sufficiently culpable state of mind one of deliberate indifference to inmate health or safety." *Grunwald v. Patterson*, No. 2:09-CV-261 TC, 2011 WL 1226092, at *3 (D. Utah Mar. 29, 2011) (unpublished). "The deliberate indifference requirement is not satisfied by showing negligence or constructive notice. This is because an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment." *Id.* (marks and citation omitted).

The Tenth Circuit has also held that "[i]n cases where officials must take measures to resolve disturbances the deliberate indifference standard does not adequately capture the importance of the competing obligations of ensuring the safety of both the prison staff and the inmates themselves, nor does it convey the appropriate hesitancy to critique in hindsight

decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance." *MacKay v. Farnsworth*, 48 F.3d 491, 492–93 (10th Cir. 1995). Just as the rapidly developing situation alleged here, "[i]n such a setting a court must look at whether the officials' actions were taken only to restore discipline or whether they acted maliciously and sadistically for the very purpose of causing harm." *Id.*

### 1. Counts I and IV of Plaintiff's Complaint Fail to State a Claim against Warden Crowther Because There Is No Allegation of Personal Participation.[2]

Here, there is not one allegation in the Complaint regarding Warden Crowther's personal participation, or response to the alleged altercation that led to Mr. Vigil's death. "To establish a supervisor's liability under § 1983 [Plaintiff] must show that an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

The only mention of Warden Crowther's name in the Complaint is in the section titled "parties" and indicates only the following: That Warden Crowther was functioning as the Warden at the Utah State Prison; he is the policymaker for the Utah State Prison and all of the facilities that the Warden oversees or manages; and he was responsible for administering and training employees and contractors wo watch or police and attend to inmates. (Docket No. 2, at ¶ 11.) These terse allegations against Warden Crowther in his individual capacity do not state a

---

[2] Plaintiff's claim under Article I, Section 7 (Due Process) of the Utah Constitution fails for the same reasons as addressed here. *See Disability Law Ctr. v. Utah*, 180 F. Supp. 3d 998, 1013 (D. Utah 2016) (the court finds that its analysis of Plaintiffs' federal substantive due process claim applies with equal force to Plaintiffs' due process claim under the Utah Constitution).

claim for deliberate indifference.  There are no allegations in the Complaint regarding Warden Crowther's affirmative link to the alleged violations, nothing regarding his personal participation, his exercise of control or direction over the events alleged, or his failure to supervise anyone involved in the events alleged.  His name is not mentioned in the factual allegations.  Thus, Plaintiff has failed to state a deliberate indifference, failure-to-protect claim against Warden Crowther.

> ### 2. Counts II and III Should Be Dismissed Because Plaintiff Has Not Alleged Sufficient Facts Implicating Warden Crowther's Plausible Failure to Train or Supervise or That UDOC Had a Plausibly Unlawful Custom, Policy, Or Practice.

Warden Crowther, the only named individual defendant, cannot be held liable for an unconstitutional failure to train or municipal policy or custom unless he himself is alleged to have "acted on account of a constitutionally protected characteristic."  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).  Plaintiff's Complaint here is very similar to the Complaint at issue in *Iqbal* that generically alleged the violation of policy and that John Ashcroft was responsible for the alleged unconstitutional acts as a supervisor.  "Yet respondent's complaint does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind. His pleadings thus do not meet the standard necessary to comply with Rule 8." *Id*.  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Tenth Circuit in *Dodds v. Richardson* concluded that *Ashcroft v. Iqbal* did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." *Dodds v. Richardson,* 614 F.3d 1185, 1200 (10th Cir. 2010).  The Tenth Circuit,

based on this conclusion, set forth a test for supervisory liability under § 1983 after *Ashcroft v. Iqbal*:  "A plaintiff may [ ] succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) *caused* the complained of constitutional harm, and (3) *acted with the state of mind required* to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d at 1199–1200 (emphasis added).  Here, just as in *Iqbal*, Plaintiff's Complaint is void of any such allegation regarding Warden Crowther acting with the "state of mind required" to "cause" any constitutional violation.

Regarding the allegations of an unlawful policy, custom, or practice, Plaintiff alleges generically and without specificity that the UDOC has a "custom of laxity."  (Docket No. 2, at pages 12-16.)  The State Defendants are unaware of any Tenth Circuit case recognizing such custom.  Regardless, to establish municipal liability under the theory of an unconstitutional custom or practice, a plaintiff must allege: "(1) The existence of a *continuing, persistent and widespread* practice of unconstitutional misconduct by employees; (2) *Deliberate indifference* to or tacit approval of such misconduct by the policymaking officials after notice to the officials of that particular misconduct; and(3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to custom and that the custom was the moving force behind the unconstitutional acts." *Christiansen v. W. Valley City*, No. 2:14-CV-25 TS, 2015 WL 3852647, at *3 (D. Utah June 22, 2015) (citing *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty., Kan.*, 996 F.2d 1035, 1041 (10th Cir.1993)) (unpublished) (emphasis added and marks omitted).

Here, Plaintiff's Complaint lacks any allegation of a continuing, persistent, or widespread "custom of laxity" at the UDOC in response to inmate fights.  Thus, under *Iqbal*, Plaintiff has

10

failed to allege an allegation for municipal liability regarding an unconstitutional custom, policy, or practice.

Accordingly, for the reasons articulated herein, each of the Count's in Plaintiff's Complaint should be dismissed for failure to state a claim.  UDOC and Warden Crowther should be dismissed from this matter with prejudice.

DATED:  February 10, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Meb W. Anderson
MEB W. ANDERSON
KYLE J. KAISER
Assistant Utah Attorney General
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on February 10, 2017, I electronically filed the foregoing, **MOTION TO DISMISS**, using the Court's CM/ECF system and by doing so caused notice to be served electronically on the following:

Randall W. Richards
RICHARDS & BROWN PC
randy@richardsbrownlaw.com

Emily A. Swenson
EMILY A. SWENSON PC
easwensonatty@gmail.com

   /s/ *Mandi Bartlett*