**RANDALL W. RICHARDS (No. 4503)**
Richards & Brown
938 University Park Blvd #140
Clearfield, UT 84015
Telephone: (801) 773-2080
*lawyers@richardsbrownlaw.com*

**Emily A. Swenson (No. 12257)**
Emily A. Swenson, PC
2661 Washington Blvd., Suite 103
Ogden, Utah 84401
Telephone: (801) 409-0271
*easwensonatty@gmail.com*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHELSIE VIGIL, Individually and as Personal Representative of The Estate Of Jeffrey Ray Vigil,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT CROWTHER, STATE OF UTAH DEPARTMENT OF CORRECTIONS, JAY GARDNER, DANIEL THOMAS, RON DEMILL, DONOVAN STARKS, DEREK HOLMES, ANDREW HAMPTON, JACOB WOLSEY, DALLAS RAY, PETE WALTERS, JASON NICHOLES, ANTHONY JOHNSON, LARRY BUSSIO, and DEFENDANTS DOE PRISON GUARDS (1-20),<br><br>Defendant. | **MEMORANDUM REGARDING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT UTAH DEPARTMENT OF CORRECTIONS AND STATE DEFENDANTS IN THEIR OFFICIAL CAPACITIES**<br><br>Case No. 1:16-CV-00132<br>Judge: Bruce S. Jenkins |

Plaintiff Chelsie Vigil and the Estate of Jeffrey Raymond Vigil, through counsel, respectfully submits the following Memorandum Regarding Defendant's Motion to Dismiss the First Amended Complaint as to Defendant Utah Department of Corrections and State Defendants in their Official Capacities.

## LEGAL STANDARD

The defendants have filed a motion to dismiss the Department of Corrections and each of the named and unnamed defendants in their official capacities. The plaintiffs acknowledge that the current case law, as articulated in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) has ruled that a State Department of Corrections, as well as employees of a State Department of Corrections acting in their official capacities are not persons subject to liability under 42 U.S.C. §1983 actions. While recognizing the 11th Amendment immunity for State employees acting in their official capacities, the plaintiff wants to make clear that these individually named defendants are personally liable even for acts taken while operating in their official capacities.

## ARGUMENT

### THE INDIVIDUALLY NAMED DEFENDANTS DO NOT ENJOY ABSOLUTE IMMUNITY FROM SUIT CLAIMING CIVIL RIGHTS VIOLATION

Each of the individually named defendants[1] were acting as wardens, officers, guards, or other individuals employed by the Department of Corrections or otherwise engaged by the Department of Corrections during the incidences claimed in the complaint. While recognizing

---

[1] Scott Crowther, Jay Gardner, Daniel Thomas, Ron Demill, Donovan Starks, Derek Holmes, Andrew Hampton, Jacob Wolsey, Dallas Ray, Pete Walters, Jason Nicholes, Anthony Johnson, Larry Bussio, and Defendants Doe prison guards (1 - 20),

the Supreme Court holdings that they cannot be sued in their official capacities, there is no question however that they can be sued individually even though they were acting in an official capacity as an employee or officer of the Department of Corrections.

In *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 363, 116 L. Ed. 2d 301 (1991) the State Auditor General was sued for civil rights violation under a §1983 cause of action and attempted to escape personal liability based on the holdings under *Will v. Michigan Dep't of State Police*. The Court addressed that attempt and reasoned as follows:

> Hafer seeks to overcome the distinction between official- and personal-capacity suits by arguing that § 1983 liability turns not on the capacity in which state officials are sued, but on the capacity in which they acted when injuring the plaintiff. Under *Will,* she asserts, state officials may not be held liable in their personal capacity for actions they take in their official capacity. Although one Court of Appeals has endorsed this view, see *Cowan v. University of Louisville School of Medicine,* 900 F.2d 936, 942–943 (CA6 1990), we find it both unpersuasive as an interpretation of § 1983 and foreclosed by our prior decisions.

The Court in *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L. Ed. 2d 301 (1991) ultimately ruled that Hafer could not escape personal liability under a 11th amendment state immunity theory stating,

> We hold that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts.

## CONCLUSION

Based upon the foregoing, the Plaintiff acknowledges that the defendants in their official capacities are granted immunity via the 11th amendment. The plaintiff, however needs to make the distinction an exception that they cannot now claim they were acting in their official capacity and thus somehow attempt to escape personal liability. So long as the court acknowledges and

preserves the personal liability under the circumstances, the plaintiff does not oppose the motion to dismiss the Department of Corrections and any of the defendants in their official capacities.

    DATED this 25 day of July, 2017

**RANDALL W. RICHARDS**

/s/: Randall W. Richards

_____

RANDALL W. RICHARDS, *Attorney for Plaintiff*

**EMILY A. SWENSON PC**

/s/: Emily A. Swenson

_____

EMILY A. SWENSON, *Attorney for Plaintiff*

    Certificate of Mailing

I certify that I by Electronic Mailing served a true and correct Copy of the foregoing Memorandum Regarding Defendant's Motion To Dismiss First Amended Complaint As To Defendant Utah Department Of Corrections And State Defendants In Their Official Capacities
.

    MEB W. ANDERSON
    mebanderson@utah.gov

Dated this 25th   date of July, 2017

    /s/: Kari Kulak
    Kari Kulak
    Paralegal